25-2925
*Polinski v. Oneida Cnty. Sheriff & Custodians*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of July, two thousand twenty-six.

PRESENT:
> DEBRA ANN LIVINGSTON,
> JOSEPH F. BIANCO,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

Peter Joseph Polinski,

> *Petitioner-Appellant*,

> v.                                                                    25-2925

Oneida County Sheriff and Custodians,

> *Respondent-Appellee,*

Hon. Ralph J. Eannace, Jr., Utica City Court,

> *Respondents.*

_____

For Petitioner-Appellant:                          Peter Joseph Polinski, pro se,
                                                                   Marcy, NY.


For Respondent-Appellee:                          No appearance.

Appeal from a judgment and orders of the United States District Court for the Northern District of New York (Nardacci, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Petitioner Peter Joseph Polinski ("Polinski") appeals from the district court's judgment dismissing his petition for a writ of habeas corpus and denying his motions for injunctive relief and an expedited hearing, as well as his subsequent motions to alter and vacate that judgment.[1] Polinski filed a petition under 28 U.S.C. § 2241, alleging that the respondents arrested and detained him based on an outstanding warrant issued without jurisdiction and in violation of several constitutional provisions, and that he remained subject to restraints on his liberty in relation to a pending state-court criminal prosecution. The district court *sua sponte* dismissed Polinski's petition, concluding that abstention was required under the Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971), and that, in any event, Polinski failed to exhaust his state-court remedies. *Polinski v. Eannace*, 25-CV-1322, 2025 WL 2959088, at *2–4 (N.D.N.Y. Oct. 17, 2025). The district court subsequently denied his multiple motions to reconsider and vacate. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

A certificate of appealability ("COA") is required for Polinski to appeal from the dismissal of his habeas petition, as well as from the orders denying his motions to vacate. A COA is required to appeal from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A); *see*

---

[1] Polinski also moves for expedited review of his appeal. We deny that motion as moot.

*Hoffler v. Bezio*, 726 F.3d 144, 153–54 (2d Cir. 2013) (holding that a state prisoner must obtain a COA to appeal denial of a § 2241 petition).   Here, Polinski was arrested and arraigned based on a warrant issued by the Utica City Court, and he alleged that he is subject to ongoing restrictions on his liberty by local officials in connection with a pending state-court criminal prosecution, so his detention arose "out of process issued by a State court."   28 U.S.C. § 2253(c)(1)(A).   A COA is similarly required to appeal from the denial of a Federal Rule of Civil Procedure 60(b) motion seeking relief from a judgment denying a habeas petition.   *Kellogg v. Strack*, 269 F.3d 100, 103 (2d Cir. 2001) (*per curiam*).   These COA requirements are jurisdictional.   *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003).

Polinski must receive a COA for us to reach the merits of his appeal, and he has neither requested nor received one.   *See* 28 U.S.C. § 2253(c)(1) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court . . . .").   And even if we were to construe Polinski's appeal as a request for a COA, our Local Rules provide that we "will not act on a request for a certificate of appealability (COA) unless the district court has denied a COA."   LR 22.1(a); *see also Lozada v. United States*, 107 F.3d 1011, 1017 (2d Cir. 1997) (concluding that petitioners must first direct their COA requests to district courts before appeals courts can consider them), *abrogated on other grounds by United States v. Perez*, 129 F.3d 255, 260 (2d Cir. 1997).   Here, Polinski did not move in the district court for a COA, so the district court never had the initial opportunity to decide if he met

3

the statutory standard for a COA.   Thus, even if we were to consider Polinski's appeal as a request

for a COA, we would not grant it.[2]

        Accordingly, we **DISMISS** the appeal.

                                   FOR THE COURT:
                                   Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Polinski has not "made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2); *see also Miller-El*, 537 U.S. at 327.   Nor has he shown that "(1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the [Rule] 60(b) motion, states a valid claim of the denial of a constitutional right."   *Kellogg*, 269 F.3d at 104.   We fully agree with the district court that *Younger* requires it to abstain from considering this petition.   Likewise, to the extent we construe Polinski's request as one for injunctive relief, the district court properly relied on *Younger* to abstain. *See Mitchum v. Foster*, 407 U.S. 225, 240–43 (1972) (explaining that district courts should take due account of "principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding").